O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBERT DAVID GREESON, JR., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>UNKNOWN, <br><br>　　　　Defendant. | Case No. 2:23-cv-02779-SPG-KES <br><br> ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

## I.

## BACKGROUND

In April 2023, the Court received a letter from Rembert David Greeson, Jr. ("Plaintiff") stating that he was "being held in Santa Barbara Co[unty] Jail … on false charges," and that prison officials were falsely claiming he was incompetent to stand trial. (Dkt. 1 at 1.) He appeared to allege that someone in Chattanooga, Tennessee "filed fraudulent records" about him, and that people in jail and/or Hollywood, California tried to poison him. (Id. at 2 ("I am also filing charges on the jail and associates. They were starving me and dehydrating me near to death. They tried to murder me with poison."); id. at 3 ("This happened at the McDonalds

in Malibu and the Ralph's in Ventura… someone sprayed it on my hands in Hollywood and Beverly Hills park.  The people from F.X. are responsible.").)  He asked the court to contact the FBI and "secure" audio recorded evidence in his "green Honda Civic [that] got towed…."  (Id. at 1.)  He also asked the Court for "a non-prisoner complaint form and the local rules of this Court."  (Id. at 2.)

On April 13, 2023, the Clerk sent Plaintiff a notice indicating that within thirty days, he needed to either pay the appropriate filing fee or request leave to proceed without prepaying the fee.  (Dkt. 2.)  On May 5, 2023, that notice was returned as undeliverable, with the note, "Vacant.  Unable to forward."  (Dkt. 4.)  It appears that Plaintiff is no longer in custody at the Santa Barbara Jail.  See Santa Barbara County Inmate Locator, https://www.sbsheriff.org/home/who-is-in-custody/ (showing "no matching results" for Plaintiff's name or booking number).

As of the date of this order, the Court has not received any further filings from Plaintiff, either updating his mailing address or indicating that he wishes to keep pursuing this case.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]  Local Rule 41-6 provides:

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

2

> A party proceeding <u>pro se</u> must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a <u>pro se</u> plaintiff at his address of record is returned by the Postal Service as undeliverable and the <u>pro se</u> party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

L.R. 41-6.

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." <u>Valley Eng'rs v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.

## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors because no defendants have been named or served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served). On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Clerk's notice warned Plaintiff, "If you do not respond within THIRTY DAYS from the date of this letter, your case may be dismissed." See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its

4

merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is mitigated by the fact that Plaintiff's letter fails to state a claim for relief, because it does not name any specific defendants or explain what cause(s) of action he is trying to pursue.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Plaintiff is proceeding pro se, the dismissal shall be without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: May 15, 2023

SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE